OPINION
{¶ 1} Defendant-appellant Darrell Bird appeals from his conviction and sentence on three charges of Disorderly Conduct. He contends that his convictions are against the manifest weight of the evidence, and are not supported by the evidence in the record. We conclude, however, that there is sufficient evidence in the record to support the convictions, and that they are not against the manifest weight of the evidence. Bird further contends that the State gave deficient and misleading responses to his discovery requests. We find nothing in the record to indicate that this was ever the subject of a motion by Bird, or a ruling by the trial court, so the record portrays no error in this regard. Bird further contends that the trial court erred by denying his motion for new trial. The order of the trial court denying Bird's motion for new trial is not within the scope of this appeal, Bird's notice of appeal having been filed before the entry of the order denying his motion for new trial, and having specified that his appeal is taken from the termination entry in the trial court.
 {¶ 2} Bird further contends that he was misled by the prosecutor into thinking that the State would be calling two additional witnesses. There is nothing in the record to support this contention. Finally, Bird contends that the trial court, the prosecutor and police officers shared a common space in the court area, including a common coffee room, and that this configuration operated to deprive him of a fair trial. We find nothing in the record to support this assignment of error.
 {¶ 3} Because we find no merit to any of Bird's assignments of error, the judgment of the trial court is Affirmed.
 I {¶ 4} Late one afternoon in February, 2002, Bird got into a verbal altercation with John O'Shea, while they were both in the parking area of their apartment complex. According to O'Shea, who testified at the trial, Bird came toward O'Shea with a shovel, "like he was going to hit me with it." Ronald and Roberta Lodwick then arrived in their car. O'Shea attempted to signal them not to enter Bird's vicinity, but to no avail. A verbal altercation between Bird and the Lodwicks then followed, and there is evidence that Bird "cocked" the shovel back so as to put each of the Lodwicks, in turn, in fear that he would hit them.
 {¶ 5} The police were summoned, and Bird was charged with three counts of Disorderly Conduct. Following a bench trial, at which Bird appeared pro se, Bird was found guilty on all three charges, fines were imposed, and Bird was ordered to pay court costs.
 {¶ 6} From his conviction and sentence, Bird appeals.
 II {¶ 7} Bird's First Assignment of Error is as follows:
 {¶ 8} "THE TRIAL COURT'S JUDGMENT OF GUILTY AGAINST DEFENDANT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE FOR THERE WAS AT LEAST REASONABLE DOUBT."
 {¶ 9} With respect to this assignment of error, we have reviewed the trial transcript with a view to determining both whether there is sufficient evidence to support each of the three convictions, and whether any of those three convictions is against the manifest weight of the evidence.
 {¶ 10} Each of the three charges against Bird alleged that he did "recklessly cause inconvenience, annoyance or alarm to another, to wit: [each victim], by engaging in fighting, in threatening harm to persons or property or in violent or turbulent behavior." O'Shea testified that Bird was knocking things off a wall with a shovel and hit O'Shea's car with the shovel. From other testimony, it appears that the shovel bounced off the wall and hit O'Shea's car, doing little or no damage. While the two men were arguing, O'Shea testified that Bird "had the shovel and was coming toward me, back up here on his back, and like he was gonna hit me with it." O'Shea testified that he gave Bird "every opportunity to [hit me with the shovel] and he didn't do that. And, but he acted like he was going to." O'Shea testified that he was in fear that Bird might hit him with the shovel.
 {¶ 11} In our view, O'Shea's testimony supports a finding that Bird recklessly caused annoyance, alarm, or both, to O'Shea, as a result of Bird's having threatened harm to O'Shea's person. This finding supports a conviction for Disorderly Conduct. Based upon our review of the transcript, we conclude that this finding is not against the manifest weight of the evidence.
 {¶ 12} With respect to Roberta Lodwick, her husband, Ronald Lodwick, testified that Bird "pulled the shovel back of her," and that she then said, "don't you hit me with that shovel." Ronald Lodwick further testified that he was afraid that Bird might hit his wife with the shovel.
 {¶ 13} Roberta Lodwick corroborated her husband's testimony, and further testified that at this time, she was "scared to death of [Bird]."
 {¶ 14} Again, we conclude that this evidence supports a finding that Bird recklessly caused annoyance, alarm, or both to Roberta Lodwick, by having threatened harm to her person. This finding supports Bird's conviction for Disorderly Conduct against Roberta Lodwick, and that conviction is not against the manifest weight of the evidence.
 {¶ 15} With respect to Ronald Lodwick, himself, the direct evidence of the persons present may not be sufficient to support a finding that Bird threatened him. However, Bird did not move for a judgment of acquittal following the State's case. In Bird's own case, he called a Kettering police officer by the name of Smithhart. Without objection from the State, Bird elicited the following testimony from Smithhart:
 {¶ 16} "I was told that Roberta, Robert and John had been in an incident with you involving a shovel where they were threatened with a shovel and that they felt that you were going to strike with the shovel or cause them harm."
 {¶ 17} In our view, this testimony, when combined with reasonable inferences from the testimony of the State's witnesses to the incident, supports a finding that as Bird was menacing Roberta Lodwick with the shovel, Ronald Lodwick stepped in front of his wife, being afraid that Bird would hit her, and that Bird then menaced Ronald Lodwick with the shovel. Again, we conclude that the evidence in the record supports a finding that Bird recklessly caused Ronald Lodwick annoyance, alarm or both, by having threatened harm to Ronald Lodwick's person, and, for that matter, by having threatened harm to his wife's person.
 {¶ 18} Bird's First Assignment of Error is overruled.
 III {¶ 19} Bird's Second Assignment of Error is as follows:
 {¶ 20} "IN THE ALTERNATIVE, THE DEFENDANT WAS PREJUDICED AND DENIED AN IMPARTIAL TRIAL, AS WELL AS DUE PROCESS, WHEN THE PROSECUTOR'S DISCOVERY WAS FALSE AND MISLEADING TO THE TRIAL COURT AND THE DEFENDANT."
 {¶ 21} In connection with this assignment of error Bird complains about deficient and misleading responses by the State to his discovery requests. Although Bird makes some allegations, such as an allegation that O'Shea had a felony record, and that the State had said that none of their witnesses, to the State's knowledge, had felony records, there is nothing in the record to support that contention. Furthermore, alleged deficient or misleading responses by the State to Bird's discovery requests were never the subject of a motion in the trial court, and were never the subject of a ruling by the trial court. Accordingly, we conclude that the record portrays no error in this regard, and Bird's Second Assignment of Error is overruled.
 IV {¶ 22} Bird's Third Assignment of Error is as follows:
 {¶ 23} "THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR NEW TRIAL."
 {¶ 24} The judgment of conviction was entered on March 27, 2002. Bird filed his notice of appeal on April 15, 2002, "from the decision of 3/27/02." Bird filed his motion for new trial on April 30, 2002. It is clear, therefore, that the trial court's denial of Bird's motion for a new trial is not within the scope of this appeal. Bird has never sought to amend his notice of appeal to include the denial of his motion for new trial within its scope.
 {¶ 25} Bird's Third Assignment of Error is overruled.
 V {¶ 26} Bird's Fourth Assignment of error is as follows:
 {¶ 27} "DEFENDANT WAS DENIED A FAIR AND IMPARTIAL TRIAL DUE TO THE PROSECUTOR'S MISCONDUCT."
 {¶ 28} In connection with this assignment of error, Bird complains that he was misled by the prosecutor's decision not to call two police officers that the State subpoenaed, but that Bird had not subpoenaed, having evidently assumed that they would be testifying. There is nothing in the record to suggest that the State misled Bird into thinking that it would be calling two additional witnesses. Furthermore, Bird never sought relief from the trial court on this subject, but is raising the issue, for the first time, on appeal.
 {¶ 29} Bird's Fourth Assignment of Error is overruled.
 VI {¶ 30} Bird's Fifth Assignment of Error is as follows:
 {¶ 31} "THE TRIAL COURT WAS IN ERROR AND DENIED DEFENDANT A FAIR AND IMPARTIAL TRIAL WHEN THE TRIAL COURT, PROSECUTOR, AND POLICE OFFICERS SHARED A COMMON SPACE IN THE COURT AREA INCLUDING A COMMON COFFEE ROOM."
 {¶ 32} There is nothing in the record to support this assignment of error. There is nothing in the record to establish Bird's factual proposition that the Kettering trial court, Kettering prosecutor, and Kettering police officers share a common space in the "court area." Nor is there anything in the record to suggest that the physical configuration of space in the Kettering Municipal Court building in any way prejudiced Bird, or operated to deprive him of a fair trial.
 {¶ 33} Bird's Fifth Assignment of Error is overruled.
 VII {¶ 34} All of Bird's assignments of error having been overruled, the judgment of the trial court is Affirmed.
FAIN, GRADY and YOUNG, JJ., concur.